HOYLE *v.* HOYLE.

Opinion delivered March 31, 1930.

*Wilson & Martin* and *Compere & Compere,* for appellant.

*Clary & Ball,* for appellee.

KIRBY, J., (after stating the facts). The deed from C. T. Hoyle, to whom Chas. L. Hoyle and appellant, his widow, had conveyed the lands by a regular warranty deed, reconveying the land to C. L. Hoyle was not recorded until two or three years after C. T. Hoyle and his wife had conveyed the same tract of land to R. L. Hoyle by a warranty deed duly recorded for a recited consideration of $1,500. Appellant, the widow of Chas. L. Hoyle, the father of these two sons and the former owner of the land, was not entitled to the land in controversy as the homestead of decedent, her husband, since decedent was not the owner or in possession of same at his death if the deed from C. T. Hoyle to R. L. Hoyle was a valid conveyance of the property as it appeared to be.

She brought suit to cancel the conveyance and to secure possession of the property claimed as a homestead and her dower right therein, and the court decreed a cancellation of the deed from C. T. to R. L. Hoyle and her right to a homestead therein, as the widow of C. L. Hoyle, deceased, and also her dower.

The court did not err in holding she was not entitled to rents for use of the land, of which she was not in possession and the title of which appeared to be in R. L. Hoyle, until after she established her right thereto, and procured the cancellation of the deed to R. L. Hoyle, and a decree for the possession of the homestead premises.

We find no error in the record, and the judgment is affirmed.